UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY ALVAREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MG BUILDING MATERIALS, LTD,<br><br>DEFENDANT | § § § § § § § § § § § § § § | CA NO. 5:24-cv-400 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Johnny Alvarez ("Alvarez") on behalf of himself and all others similarly situated ("Similarly Situated Workers") (Alvarez and Similarly Situated Workers are collectively referred to as "Plaintiffs"), brings this Fair Labor Standards Act ("FLSA") suit against MG Building Materials, LTD ("MG") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. This suit results from Defendant MG's policy of removing or shaving all overtime hours worked over a set amount per week. MG promised to pay back the stolen overtime hours at some point in the future, although no records were kept reflecting the stolen hours.

2. This policy of shaving overtime hours was made at the direction of James Davis and/or Fernando Reyes.

3. MG's actions in this regard violate the FLSA's overtime provisions. Because other potential plaintiffs are similarly situated to Alvarez regarding the work performed and Defendant's

compensation policies, Alvarez brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Johnny Alvarez resides in Texas. His notice of consent is attached as Exhibit A.

5. At all relevant times, Alvarez was an "employee" of Defendant as defined by the FLSA.

6. At all relevant times, Defendant was the "employer" of Alvarez as defined by the FLSA.

7. Plaintiffs are Defendant's current and former hourly employees whose overtime hours were stolen by Defendant through its time-shaving scheme.

8. Defendant MG Pressure Management USA, LTD is a domestic limited partnership formed and existing under the laws of the State of Texas.

9. Defendant was an employer of Alvarez and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant may be served by serving its registered agent for service of process, Kevin Sullivan, 3512 Paesanos Parkway, Suite 202, San Antonio, Texas 78231.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Alvarez asserts claims arising under federal law. Specifically, Alvarez asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas, has entered into relationships with Alvarez in Texas and has committed actions in Texas that give rise to this cause of action.

13. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §

1391(b), because Defendant is located in and does business in this Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this District and Division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

14. At all relevant times, Defendant has acted as an employer with respect to Alvarez and the Similarly Situated Workers.

15. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Alvarez and Similarly Situated Workers handled and otherwise worked with equipment, such as hammers, saws, wood, computers and phones that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

19. At all times hereinafter mentioned, Alvarez and Similarly Situated Workers were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged

in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

20. Defendant provides lumber to homeowners and professional builders and fabricates trusses for new homes.

21. Defendant employs hourly, non-exempt employees in its shipping and production departments.

22. Alvarez was an hourly, non-exempt employee working out of Defendant's San Antonio location.

23. Throughout his employment with Defendant, Alvarez consistently worked more than forty hours per workweek.

24. Defendant shaved Alvarez's overtime hours on numerous occasions in order to reduce his overtime hours.

25. Once he learned that his time was being shaved, Alvarez confronted Defendant and asked why this practice was occurring.

26. In response, Defendant told Alvarez that his overtime hours would eventually be given back to him. Aside from this scheme being illegal, Defendant provided no evidence to Alvarez that the stolen hours were even being tracked by Defendant.

27. Defendant has employed and is employing other individuals as hourly, non-exempt employees who have performed the same job duties under the same pay provisions as Alvarez, in that they have performed, or are performing, the same job duties and have had their overtime hours stolen by Defendant.

28. Defendant is in possession and has control of all records of time and pay for Plaintiffs, including records showing edits and deductions from Plaintiffs' hours.

29. Based on Defendant's policy of shaving time worked by Plaintiffs from their pay, Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Alvarez and Similarly Situated Workers for all overtime hours worked.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Alvarez and Similarly Situated Workers have performed—and are performing—the same or similar job duties as one another.  Further, Alvarez and Similarly Situated Workers were subjected to the same pay provisions in that once they worked a set amount of hours over forty, any additional hours were manually and artificially removed by Defendant to avoid compliance with the FLSA. Alvarez and Similarly Situated Workers are all owed pay for the hours that Defendant stole from them in the amount of one and one-half their regular hourly rate of pay for all hours Defendants stole from them.

31.  Defendant has a policy or practice of not paying its hourly employees for all their overtime hours. This policy or practice is and has been, at all relevant times, applicable to Alvarez and Similarly Situated Workers. Application of this policy or practice does not depend on the personal circumstances of Alvarez or others joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of all overtime compensation owed to Alvarez also applied to all Similarly Situated Workers, regardless of where they worked, as the instruction to shave time came from James Davis and/or Fernando Reyes.  Accordingly, the "Similarly Situated Workers" are properly defined as:

> **All current and former hourly employees of Defendant in Texas who worked more than 40 hours per week employed by Defendant within the three-year period before the filing of this lawsuit.**

## VII. CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

32. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without paying those employees for all of their hours over forty per week at rates of one-and-one-half times their regular rates or more.

33. None of the exemptions from payment of overtime pay provided by the FLSA are applicable to Alvarez and Similarly Situated Workers.

34. Defendant did not steal the hours of Alvarez and Similarly Situated Workers by accident.

35. Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice with respect to Alvarez and Similarly Situated Workers.  The limitations period applicable to Plaintiffs' claims in this lawsuit is therefore three years.

## VIII. PRAYER FOR RELIEF

Alvarez and Similarly Situated Workers pray for an expedited order directing notice to issue pursuant to 29 U.S.C. § 216(b), and seek judgment, individually and on behalf of any and all Similarly Situated Workers, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Alvarez (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Alvarez (and those who may join the suit);

b. For an Order awarding Alvarez (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Alvarez (and those who may join in the suit) attorneys' fees;

d.  For an Order awarding Alvarez (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Alvarez declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.;

f.  For an Order awarding Plaintiff Alvarez actual and liquidated damages equal in an amount to the damages found due to Defendant's retaliation and/or, in the alternative, punitive damages as a result of Defendant's retaliation, as well as any other remedies that may be appropriate to effectuate the purposes of the Act, and

g.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**