UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY ALVAREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MG BUILDING MATERIALS, LTD,<br><br>DEFENDANT | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CA NO. 5:24-cv-400-XR |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Johnny Alvarez files his motion for default judgment against Defendant MG Building Materials, LTD ("MG"), and in support thereof would show the following:

**I.
INTRODUCTION**

1. This is a suit to recover unpaid overtime compensation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff attempted service on Defendant MG's registered agent on April 22, 2024 via certified mail. The address Plaintiff used was the address listed for MG Building Materials, LTD with the Texas Secretary of State's office, which, as of both April 22, 2024 and as of Friday, July 19, 2024, listed Kevin Sullivan as the registered agent, and the address listed for Mr. Sullivan was 3512 Paesanos Parkway, Suite 202, San Antonio, Texas 78231, as

reflected in the screen shot below, which is from July 19, 2024:



3. As noted in Dkt. 7, Plaintiff's process server, Tod Pendergrass with Direct Results attempted to serve Mr. Sullivan with a copy of the First Amended Complaint in this matter via certified mail on April 22, 2024. *Id.* at p. 2. Mr. Pendergrass stated that he used the address listed with the Texas Secretary of State's office, which is the same as the address set forth above, 3512 Paesanos Parkway, Suite 202, San Antonio, Texas 78231.

4. Mr. Pendergrass also stated that "On or about April 29, 2024, the parcel returned to me marked, 'Return to Sender, Not Deliverable as Addressed, Unable to Forward.'" *Id*. Finally, Mr. Pendergrass stated that "Before mailing, I marked the parcel 'Fwd. Add. Correction Requested' but no correction was indicated." *Id.* A copy of the service envelope is set forth below:



5. As service was somehow undeliverable, even though the address is still currently listed with the Texas Secretary of State, Plaintiff then served the Texas Secretary of State. Dkt. No. 8.

6. In the return of service, Mr. Pendergrass stated that he served the Texas Secretary of State with a copy of the Summons and First Amended Complaint in this matter on May 2, 2024. Dkt. No. 8.

7. On June 13, 2024, the Texas Secretary of State mailed the undersigned a Certificate of Service, stating that a copy of the Summons and the First Amended Complaint had been forwarded by certified mail to "MG Building Materials, LTD, Registered Agent Kevin Sullivan, 3512 Paesanos Parkway, Suite 202, San Antonio, Texas 78231." Exhibit A, a true and correct copy of the Texas Secretary of State's Certificate of Service for MG

Building Materials, LTD.   The certificate of service also noted that "The Process was returned to this office on June 13, 2024, Bearing Notation Return to Sender, Not Deliverable as Addressed, Unable to Forward."  Exhibit A.

8. As noted in MG's Texas Secretary of State filings, Mr. Sullivan was appointed registered agent on November 19, 2018, and that document stated that the service address for Mr. Sullivan was the same address that Plaintiff's process server and the Texas Secretary of State have both used in attempting to serve MG Building Materials, LTD: 3512 Paesanos Parkway, Suite 202, San Antonio, Texas 78231.  Exhibit B, Statement of Change of Registered Office/Agent.  At the time he signed this document, Mr. Sullivan swore that he had consented to the appointment as registered agent. *Id*.  According to the Texas Secretary of State's website, there has been no change in the name or the address of the registered agent since the appointment of Mr. Sullivan on November 19, 2018.

9. On June 24, 2024, the Clerk issued an entry of default as to Defendant MG Building Materials, LTD.  Dkt. 10.

10. Because Defendant MG has now been served through service on the Texas Secretary of State and has failed to file an Answer or otherwise make an appearance, Plaintiff thus seeks a default judgment against MG Building Materials, LTD.[1]

**II.**

**TEXAS LAW REGARDING SERVICE OF PROCESS**

11. The Texas Business Organizations Code ("BOC") requires every domestic or foreign

---

[1] In an attempt to avoid a default judgment, on May 10, 2024, the undersigned sent MG's Registered Agent Kevin Sullivan a letter, via first class mail (as all certified mail was being returned), explaining that MG's Answer was due on or before May 23, 2024 and encouraging MG to retain counsel so that a default judgment might be avoided.  A copy of that letter is attached hereto as Exhibit C.  It must be presumed that the letter was received, as it was never returned, although no response was ever forthcoming.   Even then, counsel waited almost four more weeks after the Answer date to give Defendant time to file an Answer before requesting that the Clerk default Defendant.

"filing entity"[2] to maintain a registered agent and office in Texas. An entity doing business in Texas is required to "designate and continuously maintain" a registered agent in Texas. Tex. Bus. Org. Code Ann. § 5.201(a)(1). The individual or an organization so designated is "an agent of the [business] entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." *Id*. § 5.201(b)(1), (b)(2). To change its registered agent, the business entity must file a statement of the change. *See id.* § 5.202(a), (b). The change is effective "[o]n acceptance of the statement" by the Texas Secretary of State. *See id.* §§ 1.002(24)(A), 5.202(c).

12. The Texas Business Organizations Code expressly provides that service on the Texas Secretary of State is proper if an entity that is required to appoint a registered agent either fails to appoint a registered agent or if the entity's registered agent "cannot with reasonable diligence be found at the registered office of the entity." Tex. Bus. Org. Code Ann. § 5.251(1)(B); *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98 (Tex. App.—El Paso 2021, no pet.) Accordingly, it is well-settled that a plaintiff is only required to attempt service at the address given by the entity to the Secretary of State, and need not make any attempt to serve the defendant elsewhere. *Id.* at 109. *See also Liberty Label Co., Inc. v. Morgan Adhesives Co*., No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex.App.--San Antonio June 22, 2005, no pet.) (mem. op.) (where process server attempted to serve registered agent at registered address, but found house to be vacant, process server was not required to attempt to ascertain agent's new address or telephone number).

13. Once an attempt at service on the registered agent is unsuccessful, reasonable diligence

---

[2] The Texas Business Organizations Code defines a "filing entity" as a domestic entity that is a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust. Tex. Bus. Orgs. Code Ann. §1.002 (22).

will be assumed, and service on the Texas Secretary of State is considered to be proper. *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 109 (Tex. App.-El Paso 2021, no pet.) (citing to *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.) ("process server's attempts to find the registered agent at a second address, or at any other address, were unnecessary and are irrelevant to our determination of reasonable diligence [as the] only relevant attempt of service, for purposes of determining reasonable diligence, is the process server's sole attempt at service on the registered agent at the registered office")).

14. Finally, substituted service through the secretary of state is governed by Section 5.251(1)(B), not Rules 106(b) and 107. *BLS Dev., LLC v. Lopez,* 359 S.W.3d 824, 828 (Tex. App.—Eastland 2012, no pet.). Section 5.251 is an independent statute that provides for substituted service on the secretary of state when reasonable diligence is shown. *See Houston's Wild West, Inc. v. Salinas*, 690 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding former Tex. Bus. Corp. Act art. 2.11(B) and Rule 106 are not interdependent methods of service; Article 2.11 is an independent statute).

15. Therefore, a plaintiff is not required to file a motion requesting substituted service prior to serving the Texas Secretary of State, nor is a process server required to effectuate a return in compliance with a court order permitting substitute service under Rule 107. *See id; BLS Dev., LLC v. Lopez,* 359 S.W.3d 824, 828 (Tex. App.—Eastland 2012, no pet.)

16. Rule 106 of the Texas Rules of Civil Procedure states that citation must be served by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Plaintiff complied with

6

Rule 106 by sending a copy of the summons and First Amended Complaint to Defendant via Plaintiff's process server at the address on file for Defendant with the Texas Secretary of State. Dkt. 7.

17. Texas Rule of Civil Procedure 107(d) states that if service cannot be made, the server should document their efforts, including why they failed and where the defendant may be found. Plaintiff complied with Rule 107(d) as reflected in Dkt. 7, p. 2, via Mr. Pendergrass's return of service affidavit.

18. Because Plaintiff exercised reasonable diligence to serve MG through MG's designated registered agent at MG's designated address for its registered agent, under Texas law, service on the Texas Secretary of State was proper. As the Secretary of State's Certificate of Service reflected that it was served May 2, 2024, MG's Answer was due on May 23, 2024. Exhibit B. Additionally, *see* Dkt. 8, also reflecting service on the Texas Secretary of State on May 2, 2024. It is now July 19, 2024, and MG has not filed an Answer. Default is therefore proper.

### III.

### PLAINTIFF'S DAMAGES

*Unpaid Wages*

19. Plaintiff claims unpaid overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage, overtime and child labor protections.

20. In pertinent part, the FLSA requires employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Specifically, pursuant to the FLSA, no employer shall employ

any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or he is employed. 29 U.S.C. § 207(a)(1).

21. Defendant MG is a covered entity under the FLSA and is an employer as that term is understood by the FLSA.   Dkt. 2, ¶¶ 14-18.

22. Plaintiff Johnny Alvarez is a current hourly employee employed by MG and his declaration is filed with this motion as Exhibit D (hereinafter "Exh. D at ¶__").

23. Mr. Alvarez states that he began working for MG in mid-January, 2023, and is currently employed by MG in its shipping and production department.  Exh. D at ¶¶3-4.

24. When Alvarez began his employment, he states that he was making $17 an hour, which gradually increased to $20 an hour.   Exh. D at ¶4.

25. Mr. Alvarez states that MG would consistently shave approximately 5 overtime hours from his pay approximately every other week, a practice that appears to have ended in early May, 2024.  Exh. D at ¶5.  Mr. Alvarez states that when he complained about this practice, he was assured it would be remedied, but nothing was ever done about it.  Exh. D. at ¶5.

26. By reviewing a print-out of his gross pay along with total hours worked each two week pay period, Mr. Alvarez was able to calculate the total number of hours worked per week, and his rate of pay per hour.  Exh. D at ¶6; *see also* Attachment 1 to Exhibit D, Alvarez time and pay documents.  By adding in five hours of unpaid overtime every other week (5 hours

per pay period), Mr. Alvarez was able to determine that he is owed $4,373.10 in unpaid overtime. Exh. D at ¶7; *see also* Attachment 2 to Exhibit D, Alvarez damages spreadsheet.[3]

### *Liquidated Damages*

27. In addition to his unpaid wages, Plaintiff seeks an additional equal amount of liquidated, or "double" damages as allowed under the FLSA. Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claim.

28. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title shall be liable to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis added).

29. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act, made doubling discretionary rather than mandatory, by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." Even so, there is still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the

---

[3] For those few weeks in which adding in five hours per week did not give him more than 80 hours, Mr. Alvarez did not calculate damages for those weeks. If adding in 5 hours per week brought his total hours for a two-week period from below 80 to above 80, he did not count the hours below 80 as damages. For example, Defendant reported that Mr. Alvarez worked 78.85 hours for the two week period ending April 12, 2024. Adding 5 hours to this number brings Mr. Alvarez's total hours worked to 83.85, so damages were calculated at 3.85 hours multiplied by his overtime rate of $30, which is $115.50. Exh. D at ¶7, FN1.

exception).

30. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[4] *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987), *vacated on other grounds*, 488 U.S. 806 (1988). A court must award liquidated damages if the employer fails to meet this burden. *Id*. at 1331; *First Citizens Bank*, 758 F.2d at 403. Even if an employer demonstrates that it acted in good faith, a court nonetheless has the discretion to award liquidated damages for a violation of the FLSA. *See, e.g., Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987), *cert. denied*, 485 U.S. 930 (1988).

31. To satisfy the "good faith" prong of a liquidated damages defense, an employer must offer evidence that it had an honest good faith intention to determine the requirements of the FLSA and then follow them. *Beebee v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1925 (1981). Liquidated damages are mandatory absent such a showing. *Id.; Renfro v. City of Emporia,* 948 F.2d 1529, 1540 (10th Cir. 1991) (district court has no discretion to mitigate liquidated damages in such a case).

32. Even if an employer were to prove subjective "good faith," to avoid paying liquidated damages, the employer must next prove "reasonable grounds" for the acts or omissions which violated the FLSA.

33. Whether MG had "reasonable grounds" must be evaluated by an objective test. *Renfro*, 948

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages. *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071 (9th Cir. 1990) ("An employer has the burden of showing that the violation of the [FLSA] was in good faith and that the employer had reasonable grounds for believing that no violation took place. Absent such a showing, liquidated damages are mandatory").

F.2d at 1540.  It is clear that an employer may not rely upon ignorance as a reasonable ground for believing that its actions did not violate the FLSA.  *Brennan v. General Motors Acceptance Corporation,* 482 F.2d 825 (5th Cir. 1973); *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 468-69 (5th Cir. 1979).

34. Because MG has chosen not to take any action, MG has failed to prove either subjective good faith or objective reasonable grounds for its failure to pay Plaintiff overtime compensation. Therefore, Plaintiff is entitled to an award of liquidated damages.

### *Attorney's Fees*

35. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party.  A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the Fifth Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases.  *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

36. The Fifth Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method consists of multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)).

37. Here, attorney Douglas B. Welmaker represents the Plaintiff.  Mr. Welmaker states that he has expended in excess of 9.5 hours on this case.  Mr. Welmaker states that his reasonable hourly rate is $650.00 (see Declaration of Douglas B. Welmaker attached as Exhibit E), for an initial total of $6,175.00.  A printout of time spent in relation to this matter is attached

to Exhibit E as Attachment 1, and Mr. Welmaker has deducted $650.00 from the actual time spent due to the exercise of billing judgment. As such, Plaintiff seeks $5,525.00 for attorney time spent prosecuting the case.

### *Costs*

38. Plaintiff also seeks $641.00 in taxable costs, which include costs expended to file suit in federal district court ($402.00), and costs for service of process ($236).

### III.

### **PRAYER FOR RELIEF**

For these reasons, Plaintiff Johnny Alvarez respectfully asks the Court to grant his Motion for Default Judgment against Defendant MG Building Materials, LTD and award the following damages:

- $4,373.10 in unpaid wages for Johnny Alvarez;
- $4,373.10 in liquidated damages for Johnny Alvarez;
- $5,525.00 for reasonable and necessary attorney's fees; and
- $641.00 for court costs, for a total judgment of $14,912.20;
- In the event Defendant MG Building Materials, LTD. unsuccessfully argues a Motion for New Trial, Motion to Set Aside Default, or any such equivalent motion, Plaintiff Johnny Alvarez shall have and recover from Defendant reasonable attorneys' fees in the amount of $6,500.00 representing 10 hours of attorney time at $650 per hour;
- In the event Defendant MG Building Materials, LTD. unsuccessfully appeals this matter to the United States Court of Appeals for the Fifth Circuit, Plaintiff Johnny Alvarez shall have and recover from Defendant reasonable attorneys' fees in the amount of $13,000.00, representing 20 hours of attorney time at $650 per hour; and

- Plaintiff seeks all other relief, legal or equitable, to which he may show himself justly entitled.

            Respectfully submitted,

            WELMAKER LAW, PLLC

            /s/  Douglas B. Welmaker
            Douglas B. Welmaker
            Attorney-in-Charge
            State Bar No. 00788641
            Welmaker Law, PLLC
            409 N. Fredonia, Suite 118
            Longview, Texas 75601
            Phone: (512) 799-2048
            Email: doug@welmakerlaw.com

            **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Default Judgment has been served on Defendant MG Building Materials LTD via the following method at the address below on July 24, 2024:

Via Certified Mail and Regular Mail

MG Building Materials LTD
C/O Kevin Sullivan
3512 Paesanos Parkway, Suite 202
San Antonio, Texas 78231

            /s/ Douglas B. Welmaker
            Douglas B. Welmaker