UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHNNY ALVAREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MG BUILDING MATERIALS, LTD,<br><br>DEFENDANT | §§§§§§§§§§§§§§     CA NO. 5:24-cv-400-XR |

## JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment against Defendant MG Building Materials, LTD.

On April 17, 2024, Plaintiff filed his Amended Complaint against Defendant MG Building Materials, LTD., Dkt. 2, to recover unpaid compensation, including overtime, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. On May 2, 2024, Defendant MG Building Materials, LTD. was served with the Original Complaint and Summons via service on the Texas Secretary of State. Dkt. 8. Defendant MG Building Materials, LTD. never filed an Answer or other responsive pleading in this matter.

On June 24, 2024, the Clerk of the Court entered default against Defendant MG Building Materials, LTD. Dkt. 10.

Where, as here, a default occurs, pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true. 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998 and Supp.2013).

According to Plaintiff's Complaint, he is employed by Defendant and Defendant was a covered entity under the Fair Labor Standards Act. Plaintiff was a nonexempt employee who regularly worked more than forty (40) hours per workweek and was not properly paid for all of his overtime hours.

In Plaintiff Johnny Alvarez's declaration attached as Exhibit D to his Motion for Default Judgment, Plaintiff establishes the following:

A. Mr. Alvarez began working for MG in mid-January, 2023 as an hourly employee, and is currently employed by MG in its shipping and production department. Exhibit D at ¶¶3-4.

B. When Mr. Alvarez began his employment, he states that he was making $17 an hour, which gradually increased to $20 an hour. Exhibit D at ¶4.

C. MG would consistently shave approximately 5 overtime hours from Mr. Alvarez's pay approximately every other week, a practice that ended in early May, 2024. Exhibit D at ¶5.

D. When Mr. Alvarez complained about this practice, he was assured it would be remedied, but nothing was ever done about it. Exhibit D at ¶5.

E. The sum of the damages Plaintiff is owed comes to a total of $4,373.10 in actual damages. Exhibit D at ¶7; *see also* Attachment 2 to Exhibit D.

The Court finds Plaintiff's calculations of damages reasonable. Plaintiff's Motion as to compensation is GRANTED in the amount of $4,373.10 in actual damages owed to Plaintiff. Judgment is hereby entered in favor of Plaintiff Johnny Alvarez and against Defendant MG Building Materials, LTD.

Plaintiff seeks liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that an employee may recover, in addition to his unpaid wage and overtime compensation, an equal amount of liquidated damages for a violation of § 207. Because Defendant has not contested Plaintiff's allegations, Plaintiff's Motion as to liquidated damages is GRANTED, and judgment is

hereby entered in favor of Plaintiff Johnny Alvarez and against Defendant MG Building Materials, LTD. for an additional $4,373.10.

Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), which authorizes an award of attorneys' fees and costs to the prevailing plaintiff in any proceedings to enforce the provisions of the Fair Labor Standards Act.  The amount sought by Plaintiff is reasonable and necessary, in light of the fact that Mr. Welmaker has demonstrated billing judgment by reducing his fees by $650.00. and in light of the fact that Mr. Welmaker's hourly rate of $650.00 is reasonable.  Plaintiff's Motion as to attorneys' fees is therefore GRANTED, and judgment is hereby entered in favor of Plaintiff Johnny Alvarez and against Defendant MG Building Materials, LTD. in the amount of $5,525.00.

Finally, the costs sought by Plaintiff, $641.00, are reasonable, and Plaintiff's Motion as to costs is therefore GRANTED, and judgment is hereby entered in favor of Plaintiff Johnny Alvarez and against Defendant MG Building Materials, LTD. in the amount of $641.00.

It is therefore ORDERED, ADJUDGED, AND DECREED that:

(1)   Plaintiff Johnny Alvarez has and recovers of and from Defendant MG Building Materials, LTD. the principal sum of $4,373.10 in unpaid overtime compensation;

(2)   Plaintiff Johnny Alvarez has and recovers of and from Defendant MG Building Materials, LTD. the principal sum of $4,373.10 in liquidated damages;

(3)   Plaintiff Johnny Alvarez has and recovers of and from Defendant MG Building Materials, LTD his reasonable and necessary attorneys' fees in the amount of $5,525.00 in fees, and $641.00 in costs.

(4)   In the event Defendant MG Building Materials, LTD. unsuccessfully argues a Motion for New Trial, Motion to Set Aside Default, or any such equivalent motion, Plaintiff Johnny Alvarez shall have and recover from Defendant reasonable attorneys' fees in the amount of $6,500.00 representing 10 hours of attorney time at $650 per hour;

(5)   In the event Defendant MG Building Materials, LTD. unsuccessfully appeals this matter to the United States Court of Appeals for the Fifth Circuit, Plaintiff Johnny Alvarez shall have

and recover from Defendant reasonable attorneys' fees in the amount of $13,000.00, representing 20 hours of attorney time at $650 per hour; and

(6) All sums awarded above shall bear post-judgment interest at the rate of 4.96% per annum until paid.

All relief with regard to Defendant MG Building Materials, LTD. not expressly granted herein is denied.

SO ORDERED.

SIGNED this the _____ day of _____, 2024.

_____
HONORABLE XAVIER RODRIGUEZ