IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY ALVAREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATTED,<br><br>Plaintiff<br><br>v.<br><br>MG BUILDING MATERIALS, LTD,<br><br>Defendants | § § § § § § § § § § | Case No. 5:24-CV-400 |

## DEFENDANT'S ORIGINAL ANSWER

Defendant MG Building Materials, LTD. files this Answer and shows the following:

Defendant answers Plaintiff's First Amended Original Complaint as follows:

1.　Defendant denies the allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2.　Defendant denies the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.　Defendant denies the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.　Defendant admits the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.　Defendant admits the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.　Defendant admits the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

1

7. Defendant admits that Johnny Alvarez is a plaintiff in this action. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits that it is Plaintiff Alvarez's employer. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of Plaintiff's Amended Complaint, except that the suite number is 312, not 202.

11. Defendant admits the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant admits the allegations in Paragraph 12 of Plaintiff's Amended Complaint, except that Defendant denies engaging in any wrongdoing under the FLSA.

13. Defendant admits the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant admits that it was Plaintiff's employer. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant admits the allegations in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant admits that Plaintiff Alvarez handled equipment that has been moved or produced in interstate commerce. Defendant denies the remaining allegations in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant admits that Plaintiff was an employee of Defendant under the FLSA, and that he has, at times, between engaged in the production of goods for commerce. Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant admits the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant admits the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant admits the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27. Regarding Paragraph 27 of Plaintiff's Amended Complaint, Defendant cannot respond with an admission or denial because the paragraph is vague and unintelligible as drafted.

28. Defendant admits that other employees have performed duties similar to those performed by Plaintiff. Defendant also admits that those employees are paid on an hourly basis. Defendant denies the remaining allegations in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant admits the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint.

34. Regarding Paragraph 34 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was a non-exempt employee. Defendant denies the remaining allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Amended Complaint. For the avoidance of doubt, Defendant denies "stealing" Plaintiff's hours, whether intentionally or accidentally.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendant denies Plaintiff's prayer for relief.

## Defenses

Defendants asserts the following affirmative and other defenses:

1. Defendant complied with all recordkeeping requirements of the FLSA.

2. To the extent that Plaintiff seeks to recover for time that is de minimis, such time is not compensable under the FLSA.

3. Defendant, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA. As such, Plaintiff may not recover liquidated damages and may not rely upon the three-year statute of limitations.

4. Plaintiff did not actually work all of the hours that he is now claiming.

5. Any cause of action or claim for damages stated in the Amended Complaint arising more than two years before the filing of the lawsuit is barred by the statute of limitations.

6. Defendant did not engage in any willful violations of the FLSA's overtime provisions.

7. Subject to further discovery, Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, and/or failure to act.

8. Plaintiff's action is barred to the extent he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

9. Without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect a great deal of variability in terms of the jobs they performed, and the hours and time they worked.

## Conclusion and Prayer

Defendant prays that the Court dismiss this action denying Plaintiff any relief. Defendant prays for all other relief to which they are entitled.

Dated this the 5th day of September 2024.

Respectfully submitted,

/S/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- 210.616.9800
Facsimile -- 210.616.9898
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Plaintiff's counsel on this the 5th day of September 2024, as follows:

Mr. Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

/S/ Michael V. Galo, Jr.
Michael V. Galo, Jr.