UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHNNY ALVAREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MG BUILDING MATERIALS, LTD,<br><br>DEFENDANT | § § § § § § § § § § § § § § |

CA NO. 5:24-cv-400-XR

# JOINT RULE 26(f) CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Court's Order dated September 16, 2024 (DKT 19)

Plaintiff Johnny Alvarez ("Plaintiff") and Defendant MG Building Materials, LTD ("Defendant")

(collectively referred to herein as the "Parties"), hereby submit this Joint Rule 26(f) Conference Report:

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues in this case that the parties are aware of at this time. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this suit arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b).

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

No.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff claims that Defendants unlawfully shaved his overtime hours and/or misreported his overtime hours thereby depriving him of overtime pay due under the Fair Labor Standards Act. Plaintiff also intends to convert this case from a collective action to a single Plaintiff action.

Defendant claims that Plaintiff has been paid for all hours worked and that all revisions to his time punches were made to accurately reflect the hours he worked. Defendant further avers that its actions were in good faith, and that it had reasonable grounds for believing its actions were not a violation of the Fair Labor

Standards Act.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

   A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) by October 31, 2024.

   B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff's statement:** Discovery will be needed on Plaintiff's duties, Plaintiff's hours worked, Defendant's timekeeping system, the processes and procedures for modifications or edits to Defendant's timekeeping system, all individuals authorized to edit employee time, whether Defendant ever had an "IOU" system for delaying payment of overtime with the intention of paying it later and whether this "IOU" system was applied to other employees in addition to Plaintiff, whether Defendant auto deducted Plaintiff's time for lunch, whether any other employees had their time auto-deducted or modified downward by Defendant and the circumstances relating to each such instance, and whether Defendant had other observable methods of tracking or reconstructing time, such as cameras or video equipment.

**Defendant's statement:** Defendant will conduct discovery on the time/hours that Plaintiff claims he was shorted as well as the damages that Plaintiff claims in this lawsuit.

   C. **Any issues related to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The disclosure or discovery of electronically stored information is not anticipated to be an issue in this case. To the extent that disclosure or discovery of such information becomes an issue, the Parties will meet to confer over the proper handling of the same.

   D. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Each party intends to review its documents for privileged information prior to production. Documents withheld, or redactions from documents produced, on privilege grounds will be identified in a privilege log. The Parties agree that claims of privilege or of protection as trial preparation material, including procedures

to assert these claims after production, should be governed by Rule 26(b)(5).

    **E. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

    **F. Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None, other than the need for the Court to enter a Scheduling Order.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has occurred. Phased discovery is not needed.

7. **What, if any, discovery disputes exist?**

No discovery disputes are anticipated at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5). The Parties agree generally to a claw back provision related to inadvertent production of privileged documents.

9. **Have the parties discussed mediation?**

Not at this time.

**Jointly submitted,**

<u>*Douglas B. Welmaker*</u>
Douglas B. Welmaker
State Bar No. 00788641
doug@welmakerlaw.com
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048

***ATTORNEY FOR PLAINTIFF***

<u>*Michael V. Galo, Jr.*</u>
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Phone: (210) 616-9800
Fax: (210) 616-9898
Email: mgalo@galolaw.com

***ATTORNEY FOR DEFENDANTS***